# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KENNETH FERRELL, | ) |
| Petitioner, | ) ) ) |
| v. | ) Case No. CIV-17-0132-R ) |
| FNU ANTONELLI, Warden, | ) ) |
| Respondent. | ) |

## REPORT AND RECOMMENDATION

Petitioner, a state inmate appearing pro se, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, alleging the computation of his instant federal sentence is in error and the Bureau of Prisons refuses to correct it. United States District Court Judge David L. Russell has referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). For the reasons discussed below, the court should find Petitioner failed to exhaust his administrative remedies and should dismiss the petition without prejudice.

## I. Background.

Petitioner alleges that "the computation of [his] instant federal sentence is in error and the Bureau of Prisons refuses to correct it." Doc.

1, at 6.[1] "BOP should have granted the commencement of my sentence on 9/15/05 and not 10/23/07." *Id.* at 7. So, he argues, he should be "immediately release[d] . . . ." *Id.* at 8.

## II. Analysis.

### A. Standard of review.

Respondent filed a motion for summary judgment,[2] arguing Petitioner failed to exhaust his BOP administrative remedies. Doc. 15. Petitioner has not responded to the United States' motion, though he received notice of the consequences of his failure to do so. Doc. 9, ¶ 2 ("If Respondent files a motion, Petitioner shall file a response within 21 days after the date the motion was filed. Any motion that is not opposed within 21 days *may, in the discretion of the Court, be deemed confessed.* LCvR 7(g)" (emphasis added); *see* LCvR7.1(g) ("Any motion that is not opposed within 21 days may, in the discretion of the court, be deemed confessed."); *see also Fournerat v. Wisc. L. Rev.*, 420 F. App'x 816, 819 (10th Cir. 2011) ("The district court granted these defendants' motions

---

[1] For the parties' briefs, the undersigned's page citations refer to this Court's CM/ECF pagination.

[2] Respondent labeled his pleading a "Motion to Dismiss," Doc. 15, but cites only Federal Rule 56 when discussing the standard of review. *Id.* at 3-4. Though he drops a footnote referencing Rule 12(b)(6), the bulk of the brief revolves around undisputed issues of material fact and the various attachments Respondent appended to his motion.

to dismiss and deemed them to be confessed because Mr. Fournerat failed to respond to the motions. *See* W.D. Okla. Local R. 7.1(g).").[3]

"Where a party fails to respond to a motion for summary judgment, the Court does not reflexively grant relief to the movant. Rather, it must examine the movant's submissions to determine whether the movant has met its burden of demonstrating that no material issues of fact remain for trial." *Bruce v. Osagie*, No. 14-CV-2068-RM-NYW, 2017 WL 2266766, at *1, 17 (D. Colo. May 23, 2017) (unpublished opinion and order) (citing *Reed v. Bennett*, 312 F.3d 1190, 1194-95 (10th Cir. 2002)); Fed. R. Civ. P. 56(e)(3). "In doing so, however, the Court deems [Petitioner] to have conceded the truth of any properly-supported facts alleged by the Defendant." *Bruce*, 2017 WL 2266766, at *1, 17; *Reed*, 312 F.3d at 1195 ("By failing to file a response within the time specified by the local rule, the nonmoving party waives the right to respond or controvert the facts asserted in the summary judgment motion.").

---

[3] The court takes judicial notice that Petitioner is currently housed at El Reno FCI, according to the BOP inmate locator.'https://www.bop.gov/inmateloc/ (last visited June 14, 2017). *See United States v. Robles-Ortega*, 336 F. App'x 824, 825 n.1 (10th Cir. 2009). His address has not changed nor has the court received any correspondence marked "undeliverable."

## B. Factual background.

Respondent argues BOP has accurately calculated Petitioner's release date. Doc. 15, at 1. Respondent provides the court with the Declaration of James D. Crook, Supervisory Attorney, United States Department of Justice's Federal Bureau of Prisons, Federal Transfer Center. *Id.* Ex. 1. This Declaration and its supporting documents detail Petitioner's state and federal court arrests, charges, convictions, and sentences that relate to his petition. *Id.* Ex. 1, at 2-7.

Oklahoma authorities arrested Petitioner on June 1, 2003, and the State of Oklahoma charged him in Case No. CF-03-2593 with possession of a controlled drug with intent to distribute. Doc. 15, Ex. 1, at 2 & Att. 3. Petitioner was convicted of this offense on July 10, 2003, and received a five-year suspended sentence. *Id.* On March 17, 2004, Oklahoma authorities arrested Petitioner on charges of false impersonation and trespass after forbidden. Doc. 15, Ex. 1, at 2 & Att. 5. Petitioner was released the next day. *Id.* On April 15, 2004, in Case No. CF-03-2593, the court issued an order to revoke Petitioner's suspended sentence and issued a bench warrant for his arrest. Doc. 15, Ex. 1, at 2 & Att. 3. On May 14, 2004, Tulsa County authorities arrested Petitioner on the bench warrant. Doc. 15, Ex. 1, at 2 & Att. 6. Petitioner was released on bond the following day. *Id.*

On October 27, 2004, Petitioner was arrested by Tulsa County Authorities with possession of marijuana. Doc. 15, Ex. 1, at 3 & Att. 8. Petitioner was released on bond on October 30, 2004. Doc. 15, Ex. 1, at 3 & Att. 7. On November 29, 2004, the State of Oklahoma charged Petitioner, in Case No. CF-04-5130, with shooting with intent to kill and issued a warrant for his arrest. Doc. 15, Ex. 1, at 3 & Att. 9. Tulsa County Authorities arrested Petitioner the next day, and charged him with additional traffic related charges. Doc. 15, Ex. 1, at 3 & Att. 10. On December 13, 2004, the state filed an application to revoke Petitioner's suspended sentence in Case No. CF-03- 2593. Doc. 15, Ex. 1, at 3 & Att. 3. On September 15, 2005, in Case No. CF-04-5449, the State of Oklahoma imposed a two-year sentence upon Petitioner, with credit for time served. Doc. 15, Ex. 1, at 4 & Att. 14.

The United States indicted Petitioner on June 1, 2005, on multiple counts of racketeering, drug distribution conspiracy, drug trafficking, and firearm offenses, in Case No. 04:05-cr-00091-TCK-13 in the United States District Court for the Northern District of Oklahoma. Doc. 15, Ex. 1, at 4 & Att. 12. On June 30, 2005, the United States Marshals Service (USMS) obtained temporary custody of Petitioner via a federal writ (Habeas Corpus Ad Prosequendum) and held Petitioner at the Tulsa County Criminal Justice Authority. Doc. 15, Ex. 1, at 4 & Att. 13. On

October 11, 2006, Petitioner entered a guilty plea to Count 28 (Violent Crime in Aid of Racketeering). Doc. 15, Ex. 1, at 4-5. As part of the plea agreement, the Tulsa County District Attorney's Office agreed to drop the charges in Case No. CF-04-5130 and dismiss the application to revoke in Case No. CF-03-2593. Doc. 15, Ex. 1, at 5. On this federal count, Petitioner received a sentence of 161 months, to be served consecutively to State of Oklahoma Case No. CF-04-5449. Doc. 15, Ex. 1, at 5 & Att. 4, at 2.

Petitioner was in the physical custody of USMS from June 30, 2005 through February 15, 2007; however, the State of Oklahoma retained primary custodial jurisdiction over the Petitioner for this time period. Doc. 15, Ex. 1, at 5. USMS returned Petitioner to the custody of the State of Oklahoma in satisfaction of the federal writ on February 15, 2007. *Id*. & Att. 13, at 2. The State of Oklahoma retained primary jurisdiction over Petitioner until October 23, 2007. Doc. 15, Ex. 1, at 5. The Oklahoma Department of Corrections (OKDOC) received Petitioner on October 23, 2007, to serve his two-year sentence received in Case No. CF-04-5449. Doc. 15, Ex. 1, at 6 & Att. 15. Petitioner received credit for his time in custody from June 30, 2005 until February 15, 2007. Doc. 15, Ex. 1, at 6. OKDOC determined that Petitioner was entitled to 730 days of pre-sentence credit and had therefore satisfied his sentence and released

him to USMS. *Id.* & Att. 15. Petitioner thus began serving his federal sentence on October 23, 2007. Doc. 15, Ex. 1, at 6 & Att. 13.

The BOP determined that with the application of Petitioner's pre-sentence credit, his two-year sentence was satisfied on December 27, 2006, resulting in 299 days of over-served time. Doc. 15, Ex. 1, at 6-7 & Att. 11, at 2. The BOP also gave Petitioner credit for four additional days, which had not previously been credited. *Id.* These qualified pre-sentence time dates encompassed:

(a) December 29, 2006 through October 22, 2007 = 299 days, including end date;

(b) March 17, 2004 through March 18, 2004 = 2 days including end date; and

(c) May 14, 2004 through May 15, 2004 = 2 days, including end date.

*Id.* The BOP calculated a November 22, 2018 projected release date. Doc. 15, at 8 & Ex. 1, at 7.

**C. Exhaustion.**

In addition to arguing BOP correctly calculated Petitioner's release date, Respondent argues Petitioner did not properly exhaust his administrative remedies, citing *Jones v. Bock*, 549 U.S. 199, 212 (2007) and *Garza v. Davis*, 596 F.3d 1198, 1203 (10th Cir. 2010). Doc. 15, at 10.

Respondent argues the "narrow exception" to the exhaustion requirement does not apply here. *Id*. at 11; *Garza*, 596 F.3d at 1203.

### 1. The BOP administrative process.

Petitioner was required to fully exhaust his administrative remedies before seeking federal habeas relief. As the Supreme Court explains,

> [b]ecause exhaustion requirements are designed to deal with parties who do not want to exhaust, administrative law creates an incentive for these parties to do what they would otherwise prefer not to do, namely, to give the agency a fair and full opportunity to adjudicate their claims. Administrative law does this by requiring proper exhaustion of administrative remedies, which "means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)."

*Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (citation omitted).

Under the BOP's multilevel grievance mechanism, an inmate must first present an issue of concern informally to staff before the inmate submits a Request for Administrative Remedy (BP-9). 28 C.F.R. § 542.13(a). If the Warden denies the inmate's complaint, the inmate may appeal by submitting a Regional Administrative Remedy Appeal (BP-10) with the appropriate regional office within twenty days of when the denial of the BP-9 was signed. 28 C.F.R. §§ 542.14(a) & 542.15(a). If a Regional Director denies the BP-10, an inmate may appeal the decision by submitting a Central Office Administrative Remedy Appeal (BP-11)

with the office of General Counsel within thirty days of the denial from the Regional Director. 28 C.F.R. § 542.15(a). BP-11 is the final administrative appeal. *Id*. Unless the BP-11 is considered of an emergency nature, the General Counsel's office has forty calendar days to respond. 28 C.F.R. § 542.18. This response period may be extended once for a period of twenty calendar days. *Id*.; *see Olden v. English*, --- F. App'x ---, No. 16-3348, 2017 WL 928492, at *2 (10th Cir. Mar. 9, 2017); Doc. 15, at 12-13; *Acosta v. Daniels*, 589 F. App'x 870, 872 (10th Cir. 2014) (Under "the BOP's administrative remedy protocol, a prisoner must first seek informal redress for his grievance and then he can proceed through the formal administrative appeal process, which includes, in sequence, institutional, regional, and national (central) levels of review. *See* 28 C.F.R. §§ 542.13-.19.").

Petitioner must not just use all of the agency steps, but he must "do[] *so properly* (so that the agency addresses the issue on the merits)." *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function properly without imposing some orderly structure on the course of its proceedings." *Cooley v. True*, No. 14-CV-03119-GPG, 2015 WL 393864

at *1 (D. Colo. Jan. 29, 2015) (unpublished order) (quoting *Woodford,* 548 U.S. at 90-91).

### 2. Petitioner's utilization of the BOP administrative process.

Respondent argues Petitioner submitted a BP-9 and BP-10 in Remedy Series No. 819523 but never submitted a BP-11 with the office of General Counsel within thirty days of the denial from the Regional Director as required for exhaustion. Doc. 15, Ex. 1, at 9 & Att. 17, at 2-3.

Petitioner initiated a new challenge in Remedy Series No. 876927 disputing the start date of his federal sentence. *See* Doc. 15, Ex. 1, at 9. Petitioner's BP-9 No. 876927-F1 was received on September 23, 2016 and the Warden denied the request on September 30, 2016. *See id.* The regional office received Petitioner's BP-10 No. 876927-R1 on October 13, 2016 and was denied by the Regional Director on November 14, 2016. *See id.* The Central Office received Petitioner's BP-11 No. 876927-A1 on December 19, 2016. *See id.* The Central Office extended the period for response by twenty days, establishing a due date of February 17, 2017. *See id.* On February 9, 2017, Petitioner filed this lawsuit. Doc. 15, at 13; Doc. 1.

### 3. Discussion.

In his petition, Petitioner alleged he is challenging a decision from the "FBOP Sentence & Computation Center" dated January 13, 2017. Doc. 1, at 2. He alleges he challenges Remedy Series 876927. *Id.* He lists the denial dates of his BP-9 and BP-10 as September 30, 2106, and November 14, 2016, respectively. *Id.* at 2-3; *see* Doc. 15, Ex. 1, at 9. He lists the "Date of result" (the denial of his BP-11) as January 13, 2017. Doc. 1, at 2, 3.

According to Respondent, Petitioner did not allow for the Central Office General Counsel time to respond to Petitioner's appeal. Doc. 15, at 13. Petitioner filed his federal lawsuit prior the expiration of General Counsel's time for response. *Id.* The initial forty-day period for response was extended and allowed the General Counsel's office twenty additional days to respond (until February 17, 2017). Doc. 15, at 14 & Ex. 1, Att. 17, at 4. The response was completed February 13, 2017, four days after Petitioner filed this action. Doc. 15, Ex. 1, Att. 17, at 4; Att. 18. When given the opportunity to challenge Respondent's evidence and demonstrate exhaustion, Petitioner instead opted not to respond at all. Petitioner has conceded Respondent's properly-supported facts. *Reed*, 312 F.3d at 1195. The undersigned concludes Respondent has shown

"there is no genuine dispute as to any material fact" and he is "entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

## III. Conclusion.

Given the uncontroverted evidence submitted by Respondent, the undersigned concludes Petitioner has failed to exhaust his administrative remedies.

## IV. Recommendation and notice of right to object.

The undersigned recommends the court grant summary judgment, Doc. 15, and dismiss the petition without prejudice based on nonexhaustion of administrative remedies.

The undersigned advises the parties of their right to file an objection to this report and recommendation with the Clerk of this Court by July 5, 2017, under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). The undersigned further advises the parties that failure to timely object to this report and recommendation waives the right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This report and recommendation terminates the referral.

ENTERED this 14th day of June, 2017.

_____
SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE